UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY MCNUTT, an individual, on behalf of herself and those similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, et al.,<br><br>                Defendants. | CASE NO. C18-5668 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Mary McNutt's ("McNutt") motion for leave to amend. Dkt. 20.

On August 15, 2018, McNutt filed a class action complaint against Defendant Swift Transportation Co. of Arizona ("Swift"). Dkt. 1. On November 20, 2018, Judge Bryan issued a scheduling order. Dkt. 17.

On April 1, 2019, McNutt filed the instant motion for leave to amend. Dkt. 20. On April 15, 2019, Swift responded. Dkt. 22. On April 19, 2019, McNutt replied. Dkt. 23.

On April 25, 2019, Judge Bryan transferred the case to the undersigned. Dkt. 24. On May 7, 2019, the Court struck the scheduling order and set a deadline for McNutt's motion for class certification. Dkt. 25.

ORDER - 1

Upon review of the instant motion, the Court finds that leave to amend is warranted. Swift objects to McNutt's motion because (1) McNutt failed to amend by the date set in the scheduling order, (2) it would be prejudiced by McNutt's untimely amendment, and (3) McNutt's amendment is barred by a preliminary settlement in a related case. Dkt. 22. First, the Court has struck the deadlines in the scheduling order and therefore Swift's argument on this issue is moot.

Second, Swift has failed to establish undue delay or actual prejudice by McNutt failing to meet the deadline in the now stricken scheduling order or filing the motion six weeks after she received notice of a preliminary settlement in *Hedglin v. Swift Transportation Co. of Arizona, LLC*, Case No. 3:16-cv-05127-BHS (W.D. Wash.).

Finally, Swift argues that McNutt's claims are barred by res judicata based on the preliminary settlement in *Hedglin*. Dkt. 22 at 10. McNutt responds that Swift fails to provide any authority for the proposition that a preliminary settlement bars potential claims and that McNutt intends to opt out of the settlement in *Hedglin*, which means that she may bring her own claims against Swift. Dkt. 23. The Court agrees with McNutt on both issues. Therefore, the Court **GRANTS** McNutt's motion for leave to amend. McNutt shall file the amended complaint as a separate entry on the electronic docket.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge