THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| MARY MCNUTT, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 3:18-cv-05668-BHS<br><br>**JOINT STIPULATED MOTION TO CONSOLIDATE ACTIONS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**June 21, 2019** |
| RICHARD D. WOECK JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive, Defendant | Case No. 3:19-cv-05342-BHS |

**JOINT STIPULATED MOTION TO CONSOLIDATE CASES AND STIPULATED BRIEFING SCHEDULE**

**I.    INTRODUCTION.**

As set forth more fully below, plaintiffs Mary McNutt and Richard D. Woeck (collectively "Plaintiffs"), plaintiffs in *McNutt v. Swift Transportation Co. of Arizona, LLC,*

USDW, Western District, Case No. 3:18-cv-05668-BHS ("*McNutt* Action") and *Woeck v. Swift Transportation Co. of Arizona, LLC,* USDW, Western District, Case No. 3:19-cv-05342-BHS ("*Woeck* Action"), respectively, and Defendant Swift Transportation Co. of Arizona, LLC ("Defendant" or "Swift"), the defendant in both actions, hereby stipulate to the consolidation of the above-captioned matters.

Additionally, as required by Local Rule 42(b), the parties have met and conferred regarding scheduling for the consolidated action, and agree and stipulate as follows: (1) the consolidated action will follow the schedule of the *Woeck* Action, which the parties request the Court to set at a Case Management Conference after the pleadings for the consolidated action are settled; and (2) the schedule currently set in the *McNutt* Action be vacated.

**II.    STATEMENT OF PERTINENT FACTS**

The *McNutt* Action was filed on August 15, 2018 in the Western District of Washington. The initial complaint asserted a Washington class action against Defendant Swift for (1) failure to pay rest breaks, (2) failure to pay minimum wage, (3) failure to pay overtime, and (4) willful refusal to pay wages arising out of Defendant's per-mile compensations scheme for its truck drivers.

Thereafter, Plaintiff McNutt was advised by Defendant Swift that *Hedglin v. Swift Transportation Co. of Arizona, LLC*, USDC, Western District of Washington Case No. 3:16-Cv-05127-BHS (the "*Hedglin* Action") had been preliminarily approved as a class action settlement, and would release the Washington claims pled in this case. Therefore, on April 1, 2019, Plaintiff McNutt opted-out of the *Hedglin* Action settlement and filed a motion for leave to amend her complaint to allege a nation-wide FLSA claim and drop her Washington state law claims. Plaintiff McNutt's motion for leave to amend was granted on May 31, 2019, and she filed her First Amended Complaint on June 3, 2019.

While the motion to amend in the *McNutt* Action was pending, the *Woeck* Action was filed on April 25, 2019 as a nation-wide FLSA action. Plaintiff Woeck simultaneously opted-out of the *Hedglin* Action's settlement. As set forth further below, the nation-wide claims asserted in the *Woeck* Action are substantially the same as those asserted in the *McNutt* Action.

### III.   REASONING FOR CONSOLIDATION

The central allegation in both actions is that Defendant Swift fails to pay minimum wage for all hour worked because Plaintiffs are paid by the mile and thus are not compensated for on-duty time other than driving.[1]  Both Plaintiffs were employee truck drivers for Swift and their respective lawsuits involve a significant (if not near total) overlap of legal and factual questions. Thus, consolidation will avoid duplicate filings of the same or similar papers, including class certification proceedings, which will save the Court and the parties significant resources.

Second, consolidation will avoid duplicative discovery.  Given the overlap in the factual allegations and the legal issues, relevant evidence in both actions – *e.g.*, the applicable per-mile compensation scheme, the Plaintiff's job duties and functions, the uncompensated on-duty time – will only have to be produced once.  This will save the parties significant resources, and save the Court time and resources in the event of discovery disputes.

Third, this motion to consolidate is timely, as both actions are at an early and similar stage of litigation.  The First Amended Complaint in the *McNutt* Action was filed June 3, 2019 and the Complaint in the *Woeck* Action was filed on April 25, 2019.  Both actions are in the same district and before the same judge, and minimal discovery has been conducted so far.  There is not currently an operative answer on file in either action.

Based on the foregoing, the parties request that *McNutt* and *Woeck* Actions be consolidated.

### IV.   THE PARTIES' STIPULATION UNDER LOCAL RULE 42

Ahead of filing this motion, the parties met and conferred regarding case schedule pursuant to Local Rule 42(b).  The parties stipulate and agree that the case schedule previously laid out in *McNutt* should be vacated and the following schedule be implemented:

1. Defendant's Responsive Pleading due by 7/2/19
2. FRCP 26(f) Conference Deadline of 8/5/2019

---

[1] While Swift firmly denies the allegations, it joins this motion because consolidation is appropriate given the overlap in the allegations in the *Woeck* Action and the *McNutt* Action.

3.  Initial Disclosure Deadline of 8/14/2019

4.  Joint Status Report due by 8/23/2019

5.  Case Management Conference to be set by the Court thereafter

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court grant this Joint Stipulated Motion and: (1) consolidate the *McNutt* and *Woeck* Action with the *McNutt* Action, the latter which will be the lead case (as the earlier filed), (2) the Court vacate the previous case schedule in *McNutt* and adopt the case management schedule set forth above.

DATED:  June 21, 209        By:    */s/ Joshua H/ Haffner*
                                   Joshua H. Haffner, WSBA 53292
                                   Graham G. Lambert, *Pro Hac Vice Pending*
                                   445 South Figueroa St., Suite 2625
                                   Los Angeles, California 90071
                                   Telephone: (213) 514-5681
                                   Facsimile: (213) 514-5682
                                   E-mails:    jhh@haffnerlawyers.com
                                               gl@haffnerlawyers.com

                                   **Attorneys for Plaintiffs and all others similarly situated**

DATED:  June 21, 2019       By:    */s/ Babak Yousefzadeh*
                                   Babak Yousefzadeh, Cal. Bar No. 235974
                                   Paul Cowie, Cal. Bar No. 250131
                                   **SHEPPARD MULLIN RICHTER & HAMPTON LLP**
                                   Four Embarcadero Center, 17th Floor
                                   San Francisco, CA 94111
                                   Telephone: (415) 434-9100; Facsimile: (415) 434-3947
                                   E-mails: BYousefzadeh@sheppardmullin.com,
                                   pcowie@sheppardmullin.com,
                                   jellis@sheppardmullin.com

DATED:  June 21, 2019       By:    */s/ Darin M. Sands*
                                   Darin M. Sands,
                                   **LANE POWELL PC**
                                   601 S.W. Second Avenue, Suite 2100
                                   Portland, OR  97204
                                   Telephone: (503) 778-2117
                                   E-mail:    sandssd@lanepowell.com

                                   **Attorneys for Defendant Swift Transportation Co. of Arizona, LLC**

1 **IT IS SO ORDERED.**

2 DATED this 28th day of June, 2019.

```
                                    [signature]
                                    BENJAMIN  H.  SETTLE
                                    United States District Judge
```

Presented this 21st day of June, 2019, by:

/s/ Joshua H/ Haffner
Joshua H. Haffner, WSBA 53292
HAFFNER LAW PC
Attorneys for Plaintiffs and all others
similarly situated

JOINT STIPULATED MOTION TO CONSOLIDATE ACTIONS