1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY MCNUTT,

                Plaintiff,

     v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC,

          Defendant.

CASE NO. C18-5668 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE
ORDER

RICHARD WOEK, JR.,

             Plaintiff,

     v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC,

          Defendant

CASE NO. C19-5342 BHS

     This matter comes before the Court on Plaintiff Richard Woek, Jr.'s ("Plaintiff")

motion for a protective order. Dkt. 46. The Court has considered the pleadings filed in

support of and in opposition to the motion and the remainder of the file and hereby denies

the motion for the reasons stated herein.

# I.  PROCEDURAL AND FACTUAL BACKGROUND

On April 25, 2019, Plaintiff filed a class action complaint against Defendant Swift Transportation Co. of Arizona, LLC ("Swift"), asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  C19-5342 BHS, Dkt. 1.  On June 28, 2019, the matter was consolidated with the instant matter.  Dkt. 30.

On January 2, 2020, Plaintiff filed the instant motion for a protective order requesting the Court order Plaintiff's deposition to occur in his current place of residence, Iowa, instead of Seattle, WA.  Dkt. 46.  On January 15, 2020, Swift responded.  Dkt. 49. On January 17, 2020, Plaintiff replied.  Dkt. 50.

# II.  DISCUSSION

"Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit." *Cervantes v. City of Des Moines*, C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007).  "To avoid the application of this rule, a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins v. Premier Nutrition Corp*, C-13-01271-RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citation omitted).

In this case, Plaintiff argues that a deposition in Seattle would cause tremendous hardship.  Dkt. 46 at 4–5.  Plaintiff declares that to attend the deposition in Seattle he would have to miss one week of work, drive to Seattle, and forgo at least $2,400 in income.  Dkt. 46 at 8.  He also declares that his wife is undergoing surgery this month and that he will have to take vacation time to care for her.  *Id.*  Swift argues that Plaintiff

fails to articulate why he would have to drive and miss a week of work as opposed to flying and missing only a day of work. Dkt. 49 at 5–6. Swift also argues that the deposition will most likely be set in February, which will potentially not interfere with Plaintiff's need to care for his wife. *Id.* at 6. In reply, Plaintiff fails to address these arguments. At the very least, the Court agrees with Swift that Plaintiff has failed to articulate a reasonable undue hardship or compelling circumstance to refuse to appear in the forum in which he filed suit, mostly because he fails to state why he must drive to Washington instead of flying here. Therefore, the Court denies the motion on this issue.

In the alternative, Plaintiff requests that the Court order Swift to pay his travel costs or that the deposition occur through other means. Dkt. 46 at 5–6. "As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit, and costs are not allowable absent good cause." *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976) (citation and quotation omitted). Plaintiff has failed to establish good cause that Swift shall pay for his travel fees. Plaintiff does not establish the price of plane ticket or that such cost would be prohibitive. Therefore, the Court denies Plaintiff's request to order the deposition via telephone or video.

Finally, Swift concedes that it will take Plaintiff's deposition in Seattle, Portland, San Francisco, or Los Angles. Dkt. 49 at 11. The Court accepts this concession and Plaintiff shall have the option of the most convenient location of these four options. Although it most likely need not be mentioned, Swift shall work with Plaintiff to

schedule the deposition such that it does not interfere with Plaintiff's need to care for his wife while she is recovering.

### III.    ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for a protective order, Dkt. 46, is **DENIED**.

Dated this 27th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge