THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY MCNUTT, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br>AND<br><br>ROBERT D. WOECK JR. (erroneously named as RICHARD D. WOEK JR.), an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 3:18-cv-05668-BHS (consolidated with 3:19-cv-05342-BHS)<br><br>**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION**<br><br>**NOTE ON MOTION CALENDAR: March 9, 2020**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ............................................................................................................. 1

II. FACTS ............................................................................................................................. 3

III. ARGUMENT .................................................................................................................. 8

A.  Plaintiffs' Proposed Collective Is Not "Similarly Situated" ............................... 8

1.  Swift's Employee Drivers Are Not Per Se On Duty 24 Hours 7 Days A
Week While Away From Their Home Terminal .......................................... 9

a.  *The DOL's Interpretive Regulations Do Not Presume That Over-
The-Road Drivers Are Continuously On-Duty When Away From
Their Home Terminal* .................................................................. 9

b.  *The July 22, 2019 DOL Opinion Letter Rejects That Over-The-
Road Drivers Are Continuously On-Duty When Away From Their
Home Terminal* ........................................................................... 11

c.  *Persuasive Decisions From District Courts And The Ninth Circuit
Establish That Over-The-Road Drivers Are Not Continuously On-
Duty When Away From Their Home Terminal* .......................... 12

d.  *The Decisions Cited By Plaintiff Are Not Persuasive And Pre-Date
The DOL's July 22, 2019 Opinion Letter* .................................. 14

2.  Individual Employee Specific Analysis Is Required To Adjudicate
Whether Any Particular Driver's Pay Fell Below The Minimum Wage
Rate For All Compensable Time In A Workweek ..................................... 15

B.  Plaintiffs Are Not Adequate Representatives ..................................................... 18

C.  The Court Lacks Personal Jurisdiction Over Swift Employee Drivers Who Are
Neither Washington Residents Nor Assigned To Terminals In Washington ........ 19

D.  If The Court Were To Grant Conditional Certification, It Should Carve Out
Drivers Whose Claims Are Released By The *Burnell*, *Slack* and *Hedglin*
Settlements ......................................................................................................... 20

E.  If The Court Were To Grant Conditional Certification, It Should Reject Plaintiffs'
Request To Toll The Statute Of Limitations ....................................................... 21

F.  If The Court Were To Grant Conditional Certification, It Should Reject Plaintiffs'
Prejudicial And Erroneous Notice ...................................................................... 22

IV. CONCLUSION ............................................................................................................. 24

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Adedapoidle-Tyehimba v. Crunch, LLC*
   2013 WL 4082137 (N.D. Cal. 2013) ................................................................22

*Anderson v. Mt. Clemens Pottery Co.*
   328 U.S. 680 (1946).............................................................................................15

*Ash v. Bayside Sols., Inc.*
   2015 WL 427731 (N.D. Cal. 2015) ...................................................................22

*Auer v. Robbins*
   519 U.S. 452 (1997).............................................................................................12

*Bassiri v. Xerox Corp.*
   463 F.3d 927 (9th Cir. 2006) ..............................................................................12

*Bazzell v. Body Contour Centers, LLC*
   2016 WL 3655274 (W.D. Wash. 2016).............................................................21

*Benson v. W. Coast Const.*
   2007 WL 445456 (W.D. Wash. 2007)............................................................8, 17

*Berger v. Compaq Computer Corp.*
   257 F.3d 475 (5th Cir. 2001) ..............................................................................18

*Bollinger v. Residential Capital, LLC*
   761 F. Supp. 2d 1114 (W.D. Wash. 2011)........................................................23

*Bowens v. Atl. Maint. Corp.*
   546 F. Supp. 2d 55 (E.D.N.Y. 2008) ................................................................24

*Brigham v. Eugene Water & Elec. Bd.*
   357 F.3d 931 (9th Cir. 2004) ................................................................................9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*
   137 S. Ct. 1773 (2017)......................................................................................2, 19

*Brown v. Money Tree Mortg., Inc.*
   222 F.R.D. 676 (D. Kan. 2004)..........................................................................18

*Browne v. P.A.M. Transp., Inc.*
   2018 WL 5118449 (W.D. Ark. 2018)............................................................14, 15

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

*Campbell v. City of Los Angeles*
  903 F.3d 1090 (9th Cir. 2018) ..............................................................................8

*Chavira v. OS Rest. Servs., LLC*
  2019 WL 4769101 (D. Mass. 2019) ....................................................................20

*Class Plaintiffs v. Seattle*
  955 F.2d 1268 (9th Cir. 1992) ............................................................................20

*Cooper v. Fed. Res. Bank*
  467 U.S. 867 (1984) ............................................................................................20

*Daimler AG v. Bauman*
  571 U.S. 117 (2014) ........................................................................................2, 19

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) ..............................................................................8

*Douglas v. Xerox Bus. Servs., LLC*
  2014 WL 11320703 (W.D. Wash., 2014) ..........................................................22

*Douglas v. Xerox Bus. Servs., Ltd. Liab. Co.*
  875 F.3d 884 (9th Cir. 2017) ..................................................................9, 16, 23

*Forrester v. Roth's I.G.A. Foodliner, Inc.*
  646 F.2d 413 (9th Cir. 1981) ........................................................................9, 17

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
  284 F.3d 1114 (9th Cir.2002) ............................................................................19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915 (2011) ............................................................................................19

*Hernandez v. Immortal Rise, Inc.*
  2012 WL 4369746 (E.D.N.Y. 2012) ..................................................................24

*Hoffmann-La Roche Inc. v. Sperling*
  493 U.S. 165 (1989) ............................................................................................24

*Johnson v. Serenity Transportation, Inc.*
  2016 WL 1569984 (N.D. Cal. 2016) ..................................................................22

*Julian v. Swift Transportation Co. Inc.*
  360 F. Supp. 3d 932 (D. Ariz. 2018) ................................................................14

*Kennedy v. LTI Trucking Servs., Inc.*
  2019 WL 4394539 (E.D. Mo. 2019) ..............................................................13, 16

-iii-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

*Khadera v. ABM* Indus. Inc.,
   701 F. Supp. 2d 1190 (W.D. Wash. 2010).......................................................23

*Kisor v. Wilkie*
   139 S. Ct. 2400 (2019) ..................................................................................12

*Leever v. Carson City*
   360 F.3d 1014 (9th Cir. 2004) .......................................................................9

*Limarvin v. Edo Rest. Corp.*
   2013 WL 371571 (S.D.N.Y. 2013)................................................................24

*Lindow v. United States*
   738 F.2d 1057 (9th Cir. 1984) ................................................................9, 17

*Lujan v. Cabana Mgmt., Inc.*
   2011 WL 317984 (E.D.N.Y. 2011)...............................................................24

*Maclin v. Reliable Reports of Texas, Inc.*
   314 F. Supp. 3d 845 (N.D. Ohio 2018).........................................................20

*Mondragon v. Vermeer Transp.*
   2009 WL 10672794 (C.D. Cal. 2009)............................................................18

*Morton v. Valley Farm Transp., Inc.*
   2007 WL 1113999 (N.D. Cal. 2007) ..............................................................8

*Nance v. May Trucking Co.*
   2014 WL 199136 (D. Or. 2014).....................................................................13

*Nance v. May Trucking Co.*
   685 F. App'x 602 (9th Cir. 2017) ..........................................................1, 9, 13

*Nuh Nhuoc Loi v. Scribner*
   671 F. Supp. 2d 1189 (S.D. Cal. 2009).........................................................13

*Petrone v. Werner Enterprises, Inc.*
   2017 WL 510884 (D. Neb. 2017) ......................................................12, 13, 14

*Pryor v. Aerotek Sci., LLC*
   278 F.R.D. 516 (C.D. Cal. 2011) ..................................................................18

*Rafferty v. Denny's, Inc.*
   2019 WL 2924998 (N.D. Ohio 2019).............................................................20

*Rangel v. PLS Check Cashers of Cal., Inc.*
   899 F.3d 1106 (9th Cir. 2018).......................................................................21

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*
  442 F.3d 741 (9th Cir. 2006) .................................................................................20

*Rivera v. Saul Chevrolet, Inc.*
  2017 WL 3267540 (N.D. Cal. 2017) ....................................................................8, 17

*Roy v. FedEx Ground Package Sys., Inc.*
  353 F. Supp. 3d 43 (D. Mass. 2018) .....................................................................20

*Shaia v. Harvest Mgmt. Sub LLC*
  2015 WL 1744341 (N.D. Cal. 2015) ......................................................................22

*Soler v. G & U, Inc.*
  86 F.R.D. 524 (S.D.N.Y.1980) ..............................................................................24

*Stoll v. Runyon*
  165 F.3d 1238 (9th Cir. 1999) ...............................................................................21

*Weisman v. Darneille*
  78 F.R.D. 669 (S.D.N.Y. 1978) .............................................................................18

*Wooldridge v. Gateway Transportation of Georgia, Inc.*
  2019 WL 2610904 (N.D. Ga. 2019) ......................................................................15

<u>Docketed Cases</u>

*Burnell v. Swift Transportation*
  (C.D. Cal. Case No. 5:10-cv-00809-VAP-OP).......................................................2, 7

*Hedglin v. Swift Transportation*
  (W.D. Wash. 3:16-cv-05127-BHS) .........................................................................2, 7

*Slack v. Swift Transportation*
  (W.D. Wash. Case No. 3:11-cv-05843-BHS)...........................................................2, 7

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

Title 29 Code of Federal Regulations
  § 785.16...................................................................................................................11
  § 785.16(a)..........................................................................................................10, 15
  § 785.16(b)...............................................................................................................10
  § 785.21...................................................................................................................13
  § 785.22........................................................................................................... *passim*
  § 785.22(a).......................................................................................................9, 10, 14
  § 785.33.............................................................................................................12, 14
  §§ 785.35-41 ................................................................................................... *passim*

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

Title 49 Code of Federal Regulations
    § 395............................................................................................................4
    § 395.2................................................................................................... *passim*
    § 395.3(a)(1)-(3) ............................................................................................6
    § 395.3(b)(2) ..................................................................................................6
    § 395.3(c)(2) ..................................................................................................6

Federal Rules of Civil Procedure
    Rule 23 ..........................................................................................18, 21, 24

Title 29 United States Code
    § 201 *et seq.* (Fair Labor Standards Act of 1938)................................... *passim*
    § 203(g).......................................................................................................15
    § 206..........................................................................................................15
    § 207..........................................................................................................15
    § 216(b)....................................................................................................8, 18

Title 49 United States Code
    § 113(f).........................................................................................................4

Other Authorities

Department of Labor Opinion Letter FLSA 2019-10 .................................1, 11, 15

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

# I. INTRODUCTION

Plaintiffs Mary McNutt ("McNutt") and Robert Woeck's ("Woeck") (collectively, "Plaintiffs") motion for conditional certification should be denied, because their legal theory for why the proposed collective is "similarly situated" under the Fair Labor Standards Act of 1938 ("FLSA") is not viable. Plaintiffs assume that any time an employee truck driver of Defendant Swift Transportation Co. of Arizona, LLC ("Swift") is away from their home terminal, they are engaged in compensable work, 24 hours a day, 7 days a week, even if they are admittedly not engaged in any work. This assumption is based on an erroneous interpretation of the relevant Department of Labor ("DOL") and Federal Motor Carrier Safety Administration ("FMCSA") regulations, as confirmed by the Ninth Circuit opinion in *Nance v. May Trucking Co.*, 685 F. App'x 602 (9th Cir. 2017), several well-reasoned district court decisions, and a July 22, 2019 Department of Labor ("DOL") opinion letter. Department of Labor Opinion Letter FLSA2019-10 ("FLSA2019-10").

Because Plaintiffs' legal assumptions are not correct, resolving this case on a collective basis will require individualized analysis of each and every week for each and every putative collective member to determine for how long they were engaged in work each week and whether or not their pay for that week ever fell below the minimum wage required by the FLSA.

The FMCSA hours of service regulations require all drivers of property carrying vehicles in interstate commerce to record their time as one of four different duty statuses: driving, on-duty (not driving), off-duty, and sleeper berth. It is undisputed that Swift's policies and federal law require that a driver must be relieved of all work responsibilities and readiness to work during "off-duty" and "sleeper berth" time. It is further undisputed that Swift always compensated its drivers in any given workweek in an amount exceeding the federal minimum wage for all time recorded as "driving" *and* "on-duty (not driving)." Thus, determining whether any driver falsified their hours of service logs and engaged in compensable work during off duty or sleeper berth time (in violation of federal law), such that their pay in any workweek fell below the legal minimum, requires fact specific individualized inquiries that cannot feasibly be decided on a collective-wide basis.

Plaintiffs' proposed collective should also be rejected because the Plaintiffs are not adequate

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  representatives.  Woeck displayed a shocking level of ignorance about the nature of this lawsuit during

2  his deposition and McNutt testified to falsifying her hours of service logs.

3      If the Court were inclined to grant conditional certification despite the need for highly

4  individualized fact inquiries, a nationwide collective action cannot be certified because the Court lacks

5  personal jurisdiction over the claims of Swift's employee drivers who were never residents of

6  Washington or assigned to terminals in Washington.  Swift is organized under the laws of Delaware and

7  has its principal place of business in Arizona, which means it is not subject to the general personal

8  jurisdiction in this Court.  *See Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014).  Under *Bristol-*

9  *Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S. Ct. 1773 (2017), Swift is

10  not subject to specific personal jurisdiction with respect to the claims of out-of-state employees, which

11  the Court would need to exclude from Plaintiffs' proposed collective.

12      The Court should also exclude from the proposed collective any individuals whose claims are

13  released by approved class action settlements in the related cases *Burnell v. Swift Transportation* (C.D.

14  Cal. Case No. 5:10-cv-00809-VAP-OP), *Slack v. Swift Transportation* (W.D. Wash. Case No. 3:11-cv-

15  05843-BHS), and *Hedglin v. Swift Transportation* (W.D. Wash. 3:16-cv-05127-BHS).  California and

16  Washington resident drivers who earned mileage based trip pay and who worked during the *Burnell*,

17  *Slack*, or *Hedglin* release periods are part of Plaintiffs' proposed collective in this case, but their claims

18  arising under the FLSA have been released as a result of settlements in those prior cases.  The Court

19  should thus exclude any *Burnell*, *Slack*, and *Hedglin* class members whose time working for Swift

20  entirely overlaps with the proposed collective period in this case and either the *Burnell*, *Slack*, or

21  *Hedglin* release periods.

22      In the event the Court were to grant Plaintiffs' motion, it should also reject Plaintiffs' request to

23  toll the statute of limitations.  Most courts, including those from this district, reject the analysis in the

24  cases cited by Plaintiffs and hold that equitable tolling is inapplicable to motions for FLSA collective

25  certification.  Finally, Plaintiffs' proposed notice should also be rejected as it includes several prejudicial

26  statements implying that the claims in this case are meritorious and is missing critical information.  If

27  the Court were to grant Plaintiffs' motion, it should direct the parties to meet and confer on the form and

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  content of the notice and submit any disputes that cannot be resolved to the Court.

2  <center>**II. FACTS**</center>

3      Defendant Swift is a commercial motor carrier organized under the laws of Delaware and

4  headquartered in Phoenix, Arizona.[1]  Quast Decl., ¶¶ 3 & 7.  Swift employs many persons as truck

5  drivers throughout the United States.  *Id.*, ¶¶ 6-7; Ellis Decl., Exh. 1 at 22:7-23:5.  Some of these drivers

6  are paid, in part, on a per-trip piece-rate basis.  Quast Decl., ¶ 7; Ellis Decl., Exh. 1 at 134:13-136:7.

7  Swift's per-trip piece-rate pay is computed (in large part) by multiplying a set mileage rate by the

8  number of miles between the starting and ending zip codes of an assigned trip found in the Rand

9  McNally Household Goods Guide.  Quast Decl., ¶ 8.  In addition to trip pay, Swift pays its drivers,

10  including Plaintiffs, many forms of additional pay, where additional activities or more time may be

11  needed to complete a trip.  *Id.*, ¶ 9.  For example, Swift pays many drivers hourly detention pay (above

12  the minimum wage rate) if they are delayed at a customer location, typically for more than two hours.

13  *Id.*  Drivers also receive stop pay for many of the stops they make depending on the customer and type

14  of delivery.  *Id.*  Both Plaintiffs are former Swift employee drivers who received both mileage-based trip

15  pay and several forms of additional pay.  Ellis Decl., Exh. 2 at 32:17-19, 33:8-16; 51:12-16; 81:18-85:9,

16  Exh. 5; Ellis Decl., Exh. 3 at 51:2-10, 72:11-21; 78:9-17, 86:17-20, 87:24-93:15, 96:11-97:11, Exh. 5.

17      Many of Swift's drivers earning mileage-based trip pay are over-the-road drivers, meaning that

18  they drive throughout the continental United States and can be away from the "home terminal," to which

19  they are assigned, for weeks, or even months, at a time.  Quast Decl., ¶ 11.  While out on the road away

20  from their home terminal, drivers will often complete multiple trips with down-time in between loads.

21  *Id.*.  Other drivers are "dedicated" to specific customers, accounts, or routes, which usually means they

22  drive regionally and return to their "home terminal" much more frequently.  *Id.*, ¶ 12

23      Over-the-road drivers' (as well as many dedicated drivers') trucks are equipped with a sleeper

24

---

25  [1] Swift is a Delaware limited liability company whose sole member is Swift Transportation Co., LLC.
Quast Decl., ¶¶ 3-4.  Swift Transportation Co., LLC's sole member is Knight-Swift Transportation

26  Holdings, Inc., a corporation organized under Delaware laws of with its principal place of business in
Phoenix, Arizona.  *Id.*, ¶¶ 4-6.

27

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

berth that have a bed, and sometimes a small kitchen.  Quast Decl., ¶ 13.  Except for in rare circumstances, Swift does not require drivers to spend the night in their truck's sleeper berth.[2]  *Id.* Plaintiff Woeck testified that when he drove heavy haul routes limited to the Pacific Northwest as a dedicated driver, he would often finish a trip within a single day (or every other day) and return to his home terminal in Sumner, Washington.  Ellis Decl., Exh. 3 at 180:20-81:23.  Woeck admitted that when driving these dedicated regional routes, he was not obligated to stay with his truck when it was back at the terminal, but he chose to stay in his truck's sleeper berth because it was more convenient.  *Id.*, 183:6-84:18.  Plaintiff McNutt also testified that she was unaware of any policy requiring her to spend the night in her truck's sleeper berth.  Ellis Decl., Exh. 2 at 71:2-17.  In fact, Swift's policies permit employee truck drivers to sleep elsewhere, including at home or when on the road at motels and hotels. Quast Decl., ¶ 13.

The FMCSA is an arm of the Department of Transportation ("DOT") that regulates (among other things) the hours of service of truck drivers in interstate commerce.  49 U.S.C. § 113(f); 49 C.F.R. Part 395.  The FMCSA's regulations governing drivers of property carrying vehicles recognize four primary duty statuses: driving, on-duty (not driving), off-duty, and sleeper berth.  "Driving" time is defined as "all time spent at the driving controls of a commercial motor vehicle in operation."  49 C.F.R. §395.2. "On-duty (not driving)" time means "all time from the time a driver begins to work or is required to be in readiness to work until the time the driver is relieved from work and all responsibility for performing work."  *Id.*  Time that is neither driving time nor on-duty (not driving) time is recorded as "off-duty," or "sleeper berth" if the driver is resting in a sleeper berth.  *Id.*; Quast Decl., ¶ 16, Exh 1, Exh. 2 at pp. 13 & 15, Exh. 3 at p. 3.  Swift's driver handbooks and driver orientation materials incorporate the same definitions of driving and on-duty (not driving) time, and clarify that time is only to be recorded as off-duty or sleeper berth if the driver is "relieved of all responsibility and not required to be in work

---

[2] The rare circumstances are when drivers may be required to stay in their truck's sleeper berth is when hauling high-value loads or driving in a high theft area.  Quast Decl., ¶ 14.  Ellis Decl., Exh. 1 at 87:14-21.  Even when driving in high-theft areas, trips are planned so that drivers will able to drop their trucks outside of the area during their trips.  *Id.*, Ellis Decl., Exh. 1 at 114:7-115:22.

-4-

DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  readiness." *Id.*; Ellis Decl., Exh. 2 at 147:17-151:11, Exh. 12.

2        The FMCSA's regulations and Swift's policies state that on-duty (not driving) time includes

3  "[a]ll time at a plant, terminal, facility, or other property of a motor carrier or shipper, or on any public

4  property, waiting to be dispatched, unless the driver has been relieved from duty," "[a]ll time inspecting,

5  servicing, or conditioning any commercial motor vehicle at any time," "[a]ll time in or on a commercial

6  motor vehicle other than…[t]ime spent resting in or on a parked vehicle…[t]ime spent resting in a

7  sleeper berth…[and] [u]p to 2 hours riding in the passenger seat of a property-carrying vehicle moving

8  on the highway immediately before or after a period of at least 8 consecutive hours in the sleeper berth."

9  49 C.F.R. §395.2; Quast Decl., Exh. 1 at pp 129-130; Exh. 3 at p. 19.  On-duty time also includes "[a]ll

10  time loading or unloading a commercial motor vehicle, supervising, or assisting in the loading or

11  unloading, attending a commercial motor vehicle being loaded or unloaded, remaining in readiness to

12  operate the commercial motor vehicle, or in giving or receiving receipts for shipments loaded or

13  unloaded," "[a]ll time repairing, obtaining assistance, or remaining in attendance upon a disabled

14  commercial motor vehicle," "[a]ll time spent providing a breath sample or urine specimen, including

15  travel time to and from the collection site, to comply with the random, reasonable suspicion, post-crash,

16  or follow-up testing," and "[p]erforming any other work in the capacity, employ, or service of, a motor

17  carrier."  *Id.*  Plaintiffs acknowledged the foregoing under Swift's policies and the FMCSA's

18  regulations.  Ellis Decl., Exh. 2 at 114:15-116:13, 117:23-118:8; 147:17-151:11, 151:18-152: 25,

19  169:21-171: 2; 187:22-89:3; Exhs. 9 & 10; Ellis Decl., Exh. 3 at 111:9-113:23, 119:21-121:2, 137:11-

20  139:6, Exhs. 9 & 10.  As Class A drivers, both Plaintiffs are required to know the FMCSA's regulations.

21  Ellis Decl., Exh. 2 at 97:19-98:7, 102:2-103:4, Exh. 6; Ellis Decl., Exh. 3 at 103:3-105:15, Exh. 6.

22        Swift's drivers are required to carry an "off-duty authorization form" in their vehicles that further

23  clarifies that, when a driver is logged in an off-duty status, they are relieved of all responsibility for their

24  truck and cargo.  Quast Decl., ¶¶ 17 & 21, Exh. 2 at p. 14, Exh. 3 at p. 5, Exh. 4.  Once the driver's truck

25  is parked and secure, drivers are free to leave the premises where their truck is parked to pursue

26  activities of their own choosing while logged as off-duty.  *Id.*  Both Plaintiffs testified that they received

27  this form, and McNutt stated she believed she carried it in her truck while working for Swift.  Ellis

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  Decl., Exh. 2 at 153:6-54:6; 155:14-17; Ellis Decl., Exh. 3. at 144:15-24, Exh. 11.  Woeck testified that

2  he always complied with the conditions on the form when recording time as off-duty.  Ellis Decl., Exh. 3

3  at 144:14-48:9, Exh. 11; Ellis Decl., Exh. 4 at 54:12-55: 23.  McNutt testified that Swift's written

4  policies, including the off-duty authorization form, provide that off-duty and sleeper berth time is time

5  in which drivers are relieved of all responsibility and readiness to work.  Ellis Decl., Exh. 2 at 145:6-24,

6  150:12-151:11, 159:3-22, 173:21-74:1, 188:24-89:3.  However, McNutt claimed that she was told at

7  orientation and by dispatchers that she should record time waiting at a shipper as off-duty in violation of

8  federal law, even if she continued to have job responsibilities.  Ellis Decl, Exh. 2 at 119:2-20:13.

9  McNutt further testified that she was instructed, again in violation of Swift's written policy and federal

10  law to "creep" her truck slowly into a shipper while in sleeper berth or off-duty status.  Ellis Decl., Exh.

11  2 at 108:2-109:24.

12       Subject to a few minor exceptions, the FMCSA prohibits drivers from driving after 11 hours of

13  driving time (the "11 Hour Rule") or after 14 hours since first coming on duty (the "14 Hour Rule")

14  without first going off-duty (which includes sleeper berth time) for 10 consecutive hours.  49 C.F.R.

15  §395.3(a)(1)-(3).  Drivers are also prohibited from driving after "having been on duty 70 hours in any

16  period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every

17  day of the week," unless the driver takes 34 consecutive off-duty hours (the "70 Hour Rule").  *Id*. at

18  §395.3(b)(2) & (c)(2).

19       Swift's policies, as reflected in driver handbooks, orientation materials, and forms provided to

20  drivers, describe and require strict compliance with the FMCSA's hours of service rules.  Quast Decl., ¶

21  15, Exhs. 1-3; Ellis Decl., Exh. 2 at 103:5-20, Exh. 7; Ellis Decl., Exh. 3 at 105:18-06:9, Exh. 7.

22  Failing to comply with the FMCSA's hours of service regulations or falsifying hours of service logs is

23  grounds for discipline and termination.  Quast Decl., ¶ 15, Exh. 1 at p. 16; Ellis Decl., Exh. 3 at 122:7-

24  23.  Swift's drivers are instructed to log all of their time truthfully and accurately in accordance with

25  Swift's policies and the FMCSA's regulations.  Quast Decl., ¶ 15, Exhs. 1-3.  Drivers are able to correct

26  their logs if there are ever any errors, and Woeck testified to making corrections. Quast Decl., ¶ 15, Exh.

27  1 at p. 123; Ellis Decl., Exh. 3 at 142:16-24.

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    Both Plaintiffs always earned more than the federal minimum wage rate multiplied by their

2    driving and on-duty (not-driving) time in every workweek while they were employed by Swift.  Ellis

3    Decl., Exh. 7 at 4:11-5:1, Exh. 8 at 4:11-5:1.  Driver compensation always exceeds the FLSA minimum

4    wage rate of $7.25/hour each week when considering all time logged as driving and on-duty (not

5    driving) as compensable.  Quast Decl., ¶ 22.[3]

6    Some drivers work with a team member.  Quast Decl., ¶ 18.  In such cases, one member of the

7    driving team will typically sleep in the truck's sleeper berth while the other drives.  *Id.*  Pursuant to the

8    FMCSA's regulations and Swift's policies, time other than sleeper berth time in a moving vehicle with a

9    team driver is to be recorded as "on-duty" time, except that 2 hours riding as a passenger immediately

10   following 8 hours of sleeper berth time may be recorded as "off-duty."  Quast Decl., Exh. 1 at pp. 129-

11   130, Exh 3 at p. 19; 149 C.F.R. §395.2.  Plaintiff McNutt briefly worked with a team driver for about

12   one month at the beginning of her six month employment with Swift.  Ellis Decl., Exh. 2 at 183:17-22.

13   Plaintiff Woeck never worked with a team driver while driving as a Swift employee, except as a mentor.

14   Ellis Decl., Exh. 3 at 146:14-17.

15   There are three finally approved class action settlements that release claims overlapping with

16   Plaintiffs' proposed collective action.  Request for Judicial Notice ("RJN"), Exhs. 1-9. The three related

17   settlements are in cases *Burnell v. Swift Transportation* (C.D. Cal. 5:10-cv-00809-VAP-OP), *Slack v.*

18   *Swift Transportation* (W.D. Wash. 3:11-cv-05843-BHS), and *Hedglin v. Swift Transportation* (W.D.

19   Wash. 3:16-cv-05127-BHS).  *Id.*  The *Burnell* settlement encompasses wage claims arising under the

20   FLSA by all California drivers paid mileage based trip pay from March 22, 2006 to January 31, 2019.

21   RJN, Exh. 1 at 2:12-13, 8:20-9:15.  The *Slack* settlement includes wage claims by dedicated employee

22   drivers of Swift's who were assigned to a position or terminal in Washington from July 18, 2008

23   through October 10, 2017.  RJN, Exh. 4 at pp. 4-5 & 20, Exh. 5.  The *Hedglin* settlement covers wage

24   claims by Washington resident drivers receiving mileage-based pay from August 6, 2015 to January 3,

25

26   [3] In the very rare occasion where a driver earns insufficient pay in a workweek to compensate by at least
     the minimum wage for all driving and on-duty (not driving) time, Swift pays the difference with a

27   minimum wage "true-up."  Quast Decl., ¶ 22

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

1  2019, to the extent such claims are not covered by the *Slack* release.  RJN, Exh. 8 at 3:5-25, 6:24-7:15.

2                                                **III. ARGUMENT**

3  **A.    Plaintiffs' Proposed Collective Is Not "Similarly Situated"**

4         The FLSA permits an employee to file a lawsuit against his or her employer "for and in behalf of

5  himself ... and other employees similarly situated."  29 U.S.C. § 216(b); *see Does I thru XXIII v.*

6  *Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000).  "To facilitate this process, a district court

7  may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiff..."

8  *Id.*  In determining whether to authorize notice, Plaintiffs must set forth "substantial allegations,

9  supported by declarations or discovery, that 'the putative class members were together the victims of a

10  single decision, policy, or plan.'"  *Benson v. W. Coast Const.*, 2007 WL 445456, at *2 (W.D. Wash.

11  2007).  Plaintiffs bear the burden of demonstrating a "'reasonable basis' for their claim[s]."  *Morton v.*

12  *Valley Farm Transp., Inc.*, 2007 WL 1113999, at *2 (N.D. Cal. 2007).

13         Although the standard for obtaining conditional certification is "lenient," it is not pro forma.

14  Courts deny conditional certification when the plaintiff "does not identify the 'single decision, policy, or

15  plan' that affected all of the putative collective action members."  *Rivera v. Saul Chevrolet, Inc.*, 2017

16  WL 3267540, at *5 (N.D. Cal. 2017).  Courts also deny conditional certification motions where

17  plaintiffs produce "only a self-serving declaration, rife with hearsay" and no evidence or declarations

18  from other employees that they were subject to the same unlawful practices alleged.  *See Benson v. W.*

19  *Coast Const.*, 2007 WL 445456, at *2 (W.D. Wash. 2007).

20         The Ninth Circuit in *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1117-19 (9th Cir. 2018)

21  held that the merits of an FLSA action can overlap with the question of whether the proposed collective

22  of employees are "similarly situated."  *Campbell* held that when the merits overlap with the question of

23  whether employees are "similarly situated," the Court should employ the standard applicable to

24  summary judgment to a motion for certification.  903 F.3d at 1117-19.

25         Here, Plaintiffs' entire case is premised on the assumption that anytime a driver leaves their

26  home terminal to complete a trip they are per se engaged in compensable work 24 hours a day 7 days a

27  week (regardless of what the driver is actually doing).  The only evidence Plaintiffs filed in support of

28
                                                      -8-
DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  their motion is that: (1) they drove long-haul trips and were paid mileage based pay, and (2) deposition

2  testimony from Swift's person most knowledgeable that there are other drivers who drove long-haul

3  trips and were paid mileage based pay.  However, Plaintiffs' legal assumption is not correct, as

4  confirmed by the DOL in a well-reasoned opinion letter last year, and by the Ninth Circuit in *Nance v.*

5  *May Trucking Co.*, 685 F. App'x 602 (9th Cir. 2017).  Because there is no presumption that drivers away

6  from their home terminals are continuously on-duty for purpose of the FLSA, Plaintiffs need to prove

7  that individual drivers falsely recorded on-duty time as "off-duty" or "sleeper berth" to such an extent

8  that their average pay for any workweek fell below the legal minimum for each hour of compensable

9  time; and that Swift knew or should have known such log falsification was occurring.  *See Douglas v.*

10  *Xerox Bus. Servs., Ltd. Liab. Co.*, 875 F.3d 884 (9th Cir. 2017) (minimum wage compliance under the

11  FLSA is determined on a per workweek average hourly wage standard); *see also Forrester v. Roth's*

12  *I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (employer is not liable under the FLSA when it

13  has no knowledge or reason to know of otherwise compensable work); *Lindow v. United States*, 738

14  F.2d 1057, 1060 (9th Cir. 1984) ("We have interpreted the words 'suffer' or 'permit' [to work] to mean

15  'with the knowledge of the employer.'").

16       Because Plaintiffs have not even attempted to show how the proposed collective is similarly

17  situated with respect to this question, their motion for conditional certification should be denied.

18      1.   <u>Swift's Employee Drivers Are Not Per Se On Duty 24 Hours 7 Days A Week While</u>
19          <u>Away From Their Home Terminal</u>

20         a.   *The DOL's Interpretive Regulations Do Not Presume That Over-The-Road*
              *Drivers Are Continuously On-Duty When Away From Their Home Terminal*

21      Although they are not binding, the Ninth Circuit relies on the DOL's interpretive regulations in

22  determining what time is compensable under the FLSA.  *See, e.g.*, *Brigham v. Eugene Water & Elec.*

23  *Bd.*, 357 F.3d 931, 940 (9th Cir. 2004); *Leever v. Carson City*, 360 F.3d 1014, 1020 n. 4 (9th Cir. 2004)

24  ("We accept the Department of Labor's interpretive regulations of the FLSA…as persuasive…").

25      Plaintiffs' claims are premised on a misinterpretation of 29 C.F.R § 785.22(a), which provides:

26  "Where an employee is required to be on duty for 24 hours or more, the employer and the employee may

27  agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more

28

-9-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and

2  the employee can usually enjoy an uninterrupted night's sleep."  Plaintiffs take this to mean that for

3  long-haul or over-the-road drivers, only 8 hours of sleep time each day may be excluded from hours

4  worked, and only with an express agreement.  However, 29 C.F.R. § 785.22(a) applies only "[w]hen an

5  employee *is required to be on duty* for 24 hours or more." (emphasis added).

6        A different federal regulation, 29 C.F.R. § 785.41, governs "[w]ork performed while traveling"

7  and provides that: "[a]n employee *who drives a truck* … or an employee who is required to ride therein

8  as an assistant or helper, is working while riding*, except during bona fide meal periods or when he is*

9  *permitted to sleep in adequate facilities furnished by the employer.*" (emphasis added).  29 C.F.R. §

10  785.41 thus establishes that when a truck driver is on a bona fide break, or "permitted to sleep in

11  adequate facilities furnished by the employer," such time is not compensable on-duty time even if the

12  driver is in a moving vehicle.  Because such time is not "on-duty," nor required by law or Swift policy to

13  be on duty, 29 C.F.R § 785.22(a) is inapplicable.

14        Plaintiffs also fail to explain how 29 C.F.R. § 785.22(a) is in any way relevant to off-duty or

15  sleeper berth time, in which a driver's truck is parked and not moving, or in which they were admittedly

16  engaged in personal affairs and not work.  McNutt and Woeck each testified that they engaged in

17  personal activities during off-duty and sleeper berth time such as cooking, eating, showering, making

18  personal phone calls, using social media, and watching movies.  Ellis Decl., Exh. 2 at 65:14-21, 124:5-

19  14; Ellis Decl., Exh. 3 at 148:11-49: 24.  Plaintiffs simply assume, without any justification, that every

20  minute of time away from a home terminal on long-haul trips is "on-duty" as a matter of law, regardless

21  of what they were actually doing.  But 29 C.F.R. § 785.16(a) provides that "[p]eriods during which an

22  employee is completely relieved from duty and which are long enough to enable him to use the time

23  effectively for his own purposes are not hours worked."  29 C.F.R. § 785.16(b) sets forth the specific

24  example of  truck driver who "is sent from Washington, DC to New York City, leaving at 6 a.m. and

25  arriving at 12 noon, and is completely and specifically relieved from all duty until 6 p.m. when he again

26  goes on duty for the return trip" and states that "the idle time is not working time."

27        In this case, both the FMCSA regulations and Swift's policies are clear that, during off-duty and

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

sleeper berth time, a driver is "relieved of all responsibility and not required to be in work readiness."
49 C.F.R. §395.2; Quast Decl., ¶ 16, Exh 1, Exh. 2 at pp. 13 & 15, Exh. 3 at p. 3; Ellis Decl., Exh. 2 at
147:17-151:11, Exh. 12.  Swift's drivers further carry an off-duty authorization form making it clear that
they are relieved of all responsibility for their truck and cargo during off-duty time, and are free to leave
the premises on which their truck is parked and to pursue activities of their own choosing.  Quast Decl.,
¶¶ 17 & 21, Exh. 2 at p. 14, Exh. 3 at p. 5, Exh. 4.  Thus, a driver in off-duty or sleeper berth status does
not fall under "on-duty" or "working time" pursuant to 29 C.F.R. § 785.16.

      b.   *The July 22, 2019 DOL Opinion Letter Rejects That Over-The-Road Drivers Are Continuously On-Duty When Away From Their Home Terminal*

The DOL's Wage and Hour Division recently issued an opinion letter rejecting Plaintiffs'
interpretation of the applicable regulations.  FLSA2019-10.  The DOL first analyzed 29 C.F.R. § 785.16
and noted that "[w]hile off-duty employees typically have the ability to leave the physical workplace,
there are certain circumstances—for example, working on hard-to-reach construction locations, isolated
dredging barges, and offshore drilling sites—where practical considerations make it necessary for
employees to remain temporarily on the employer's premises and to eat and sleep there during their
stay."  *Id.* at p. 2, n. 2.  The DOL stated that it "considers long-haul truck drivers to be similarly situated.
Despite inherent restrictions on their ability to leave the truck due to the nature of the job, drivers
generally experience periods of time when they are completely relieved of their duties."  *Id.*

The DOL then addressed the interplay between 29 C.F.R. § 785.22 and 29 C.F.R. § 785.41.  The
DOL concluded that 29 C.F.R. § 785.41 creates a presumption that employee truck drivers are *not*
engaged in compensable on-duty time when they are "'permitted to sleep in adequate facilities furnished
by the employer[,]' such as a sleeper berth."  FLSA2019-10 at pp. 2-3.  The DOL stated that "[t]his type
of travel—traveling while sleeping in a sleeper berth—is not '[work] while riding,' if drivers and
assistants are 'completely relieved' from their duties," citing 29 C.F.R. § 785.16(a) and 29 C.F.R. §
785.41.  *Id.* at p. 3.  "This presumption—that non-working time in which the employee is relieved of all
duties is not compensable—holds true regardless of whether the truck is moving or stationary."  *Id.*
Applying the plain language of the regulations, the DOL found that 29 C.F.R. § 785.22 applies only

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

when a driver *is otherwise required to be on duty for 24 straight hours* and permits the employer and employee to agree to exclude up to eight hours of on-duty sleep time from compensable time. *Id.* at pp. 2-3. The DOL stated that "[f]actors that may suggest an employee is continuously on duty for 24 hours or more, thus invoking 29 C.F.R. § 785.22, include: (1) the employee lacks a regular schedule and is 'required to perform work on a helter-skelter basis at any time during the day or night'; or (2) even with a regular schedule, unscheduled periods 'are so cut through with frequent work calls that this time is not his or her own.'" *Id.* at p. 2. However, an over-the-road truck driver is not presumed to be on-duty for 24 consecutive hours simply because he or she is away from his or her home terminal. *Id.*

Although the regulations are clear on their face, to the extent there is any ambiguity, the DOL's interpretation—as set forth in its July 22, 2019 Opinion Letter—is entitled to controlling deference. In *Auer v. Robbins*, 519 U.S. 452, 459-463 (1997), the Supreme Court held that an authoritative official agency interpretation of its own its own regulations is controlling, unless the interpretation is "plainly erroneous or inconsistent with the regulation." The Ninth Circuit applies *Auer* deference to DOL opinion letters. *Bassiri v. Xerox Corp.*, 463 F.3d 927, 930 (9th Cir. 2006). Last year, the Supreme Court reaffirmed and declined to overrule *Auer* in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). Because the July 22, 2019 Opinion Letter reflects the DOL's "fair and considered judgment" on the meaning of a regulation within the scope of the agency's substantive expertise, and does not create "'unfair surprise' to regulated parties" (i.e. motor carrier employers), it is entitled to controlling defense under *Auer* and *Kisor* to the extent any of the applicable regulations are ambiguous. *Id.* at 2416-17.

> c.   *Persuasive Decisions From District Courts And The Ninth Circuit Establish That Over-The-Road Drivers Are **Not** Continuously On-Duty When Away From Their Home Terminal*

In addition to the DOL, many recent court decisions have rejected Plaintiffs' interpretation of the applicable DOL regulations. In *Petrone v. Werner Enterprises, Inc.*, 2017 WL 510884, *5-7 (D. Neb. 2017), the court held that 29 C.F.R. § 785.22 applies only when a driver is "on duty" for 24 straight hours, and that 29 C.F.R. § 785.41 creates a presumption that driver sleeper berth time is *not* on-duty and therefore not subject to 29 C.F.R. § 785.22's eight hour cap. *Petrone* held that the regulatory scheme was unambiguous, because 29 CFR § 785.33 "specifies that § 785.41 addresses the issue of

-12-

DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  when a truck driver is on duty." *Id.* at 7.  Thus, "[a]ny interpretation of § 785.41 that categorically limits

2  non-compensable sleeper-berth time to 8 hours in a 24-hour cycle renders the language in § 785.41

3  superfluous." *Id. Petrone* also properly relied on the fact that the FMCSA considers sleeper berth time

4  to be off-duty, which should be understood in harmony with the DOL's regulations. *Id.* at 8-9.

5      In *Kennedy v. LTI Trucking Servs., Inc.*, 2019 WL 4394539, *3-6 (E.D. Mo. 2019), a case

6  substantively identical to this one, the court granted summary judgement to the employer motor carrier.

7  *Kennedy* relied on *Petrone* and held that the DOL's regulations create no presumption that over-the-road

8  truck drivers are continuously on-duty and, in fact, presume that sleeper berth time is *not* compensable.

9  *Id.* at 3.  *Kennedy* held that "Plaintiff's generic arguments that company policies required around-the-

10  clock monitoring, without specific facts that Plaintiff's off-duty or sleeper berth time was ever actually

11  interrupted are merely self-serving allegations insufficient to survive a motion for summary judgment."

12  *Id.* at *5.  Similarly here, Plaintiffs do not provide evidence with specific facts to support conditional

13  certification of their claims that drivers were continuously on-duty.

14      *Nance v. May Trucking Co.*, 2014 WL 199136, *6-8 (D. Or. 2014) also granted summary

15  judgment to the motor carrier employer where the plaintiffs had the same theory (that the DOL

16  regulations makes sleeper berth time per se compensable) based on different regulation: 29 C.F.R. §

17  785.21.  29 C.F.R. § 785.21 is similar to 29 C.F.R. § 785.22 and provides "[a]n employee who is

18  *required to be on duty* for less than 24 hours is working even though he is permitted to sleep or engage

19  in other personal activities when not busy."  *Nance* held that 29 C.F.R. § 785.21's presumption of work

20  while being permitted to sleep applies only when an a driver is "required to be on duty," and 29 C.F.R. §

21  785.41 establishes that sleeper berth time for truck drivers is not on-duty time.  *Nance*, 2014 WL 199136

22  at *8  (truck drivers "are not required to be on call when they spend time in the sleeper berth…As a

23  matter of law, I find that time spent in the sleeper berth, simply because the truck is moving, is not

24  compensable").  *Nance* was notably *affirmed by the Ninth Circuit on this point*, albeit in an unpublished

25  decision.  *Nance v. May Trucking Co.*, 685 F. App'x 602, 605 (9th Cir. 2017) ("the district court

26  properly relied on the persuasive authority of federal and state regulations saying drivers are not entitled

27  to compensation for time they are permitted to sleep in the berths of moving trucks"); *see Nuh Nhuoc*

28

-13-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1  *Loi v. Scribner*, 671 F. Supp. 2d 1189, 1202 n.10 (S.D. Cal. 2009) ("unpublished decisions have

2  persuasive value and indicate how the Ninth Circuit applies binding authority").

3            d.     *The Decisions Cited By Plaintiff Are Not Persuasive And Pre-Date The DOL's*
                   *July 22, 2019 Opinion Letter*

4         While Plaintiff cites some decisions contrary to the foregoing, they are not persuasive and

5  misinterpret the regulatory scheme.  For example, *Julian v. Swift Transportation Co. Inc.*, 360 F. Supp.

6  3d 932, 944-52 (D. Ariz. 2018) involved *trainee* drivers (factually distinguishable), and assumed

7  throughout its decision that trainee drivers were "on-duty" 24 hours a day for purposes 29 C.F.R. §

8  785.22(a) without once explaining what this assumption was based on.  Further, *Julian* held that 29

9  C.F.R. § 785.22(a) qualifies 29 C.F.R. § 785.41 and limits the amount of off-duty sleeper berth to 8

10  hours a day.  *Id.* at 947-48  But this bizarre interpretation misses that 29 C.F.R. § 785.22 permits up to 8

11  hours of *on-duty* sleep time to be excluded from compensable time by agreement "[w]here an employee

12  is required to be on duty of 24 hours or more;" and that 29 C.F.R. § 785.41 defines when truck drivers'

13  sleep time is "on-duty" in the first place.  *See* 29 C.F.R. § 785.33 ("The principles which apply in

14  determining whether or not time spent in travel is working time depend upon the kind of travel involved.

15  The subject is discussed in §§ 785.35 to 785.41").  29 C.F.R. § 785.41 plainly states that "an employee

16  who drives a truck" is *not* working "when he is permitted to sleep in adequate facilities furnished by the

17  employer," and there is nothing in the regulation that can conceivably be read to limit *off-duty* sleep time

18  to only 8 hours a day.  *See Petrone*,  2017 WL 510884 at *7 ("Any interpretation of § 785.41 that

19  categorically limits non-compensable sleeper-berth time to 8 hours in a 24-hour cycle renders the

20  language in § 785.41 superfluous.  Under the plain language of the regulations, time in the sleeping

21  berth is presumably non-compensable under § 785.41.").  Finally, *Julian* relied extensively on older

22  DOL opinion letters that have been superseded by the July 22, 2019 letter, the latter of which is entitled

23  to conclusive deference as to the meaning of the relevant regulations under *Auer* and *Kisor*.

24         The analysis in *Browne v. P.A.M. Transp., Inc.* 2018 WL 5118449 (W.D. Ark. 2018) is similarly

25  flawed.  *Brown* held that 29 C.F.R. § 785.22(a) "tells us *exactly* how to determine whether sleeping time

26  is compensable—and the analysis has nothing to do with whether the employee is driving or riding in a

27

28  
-14-                               Case No 3:18-cv-05668-BHS

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

truck," but this is not true at all. *Id.* at 5 (original emphasis). 29 C.F.R. § 785.22(a) tells us that—where a driver is otherwise required to be on duty 24 hours per day—the driver and company can agree that up to 8 hours of such on duty sleep time can be considered not compensable; but it does not tell us *when* sleep time is "on duty" in the first place. The answer to that question is supplied by 29 C.F.R. 785.41. Furthermore, *Browne*, like *Julian*, did not have the benefit of the DOL's July 22, 2019 Opinion Letter.[4]

Finally, *Wooldridge v. Gateway Transportation of Georgia, Inc.*, 2019 WL 2610904, at *4-5 (N.D. Ga. 2019) is of limited value because it arose on a motion to dismiss for failure to state a claim, where the court was required to accept the plaintiff's allegation of continuous on-duty time as true. *Wooldrige* did state that it was "persuaded" by *Julian* and *Brown*, but provided literally no analysis or explanation as to why. *Id.* at 5. *Wooldridge* further stated that the FMCSA regulations are "inapposite" and that "the applicable DOL regulation is 29 C.F.R. § 785.22…and not 29 C.F.R. § 785.41," but again provided no explanation as to why these directly on point regulations are "inapposite" or not "applicable." *Id.* Given that *Wooldridge* consists entirely of *ipse dixit* and contains no legal analysis, it cannot serve as persuasive authority.

For all of these reasons, Plaintiffs' assumption that the proposed collective is continuously on-duty 24 hours a day each day a driver is away from a home terminal is legally incorrect.

2.  <u>Individual Employee Specific Analysis Is Required To Adjudicate Whether Any Particular Driver's Pay Fell Below The Minimum Wage Rate For All Compensable Time In A Workweek</u>

Because Plaintiffs cannot rely on a presumption that drivers are continuously on-duty 24 hours a

---

[4] *Browne* also suggests that whether 29 C.F.R. 785.41 designates sleep time as time not "working" is not dispositive of "whether such non-working time should nevertheless 'be counted as hours worked.'" *Browne*, 2018 WL 5118449 at 5. This interpretive sophistry is untenable because the regulatory scheme treats time "worked" or "working" as the equivalent of time spent "on-duty" and time which is compensable. *See, e.g.* 29 C.F.R. § 785.16(a) ("Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours *worked*"); 29 U.S.C. § 203(g) ("'Employ' includes to suffer or permit to *work*"); 29 U.S.C. §§ 206-207 (requiring payment of minimum and overtime wages for "hours *worked*"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 691 (1946) ("the time necessarily spent by the employees in walking to work on the employer's premises, following the punching of the time clocks, was *working* time" and therefore compensable) (all emphasis added).

DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    day, seven days a week, Plaintiffs will need to prove that each individual employee driver in the

2    proposed collective actually performed work during time periods which that driver logged as off-duty or

3    sleeper berth.  If Plaintiffs could adduce such evidence for each and every collective member, Plaintiffs

4    must then prove that such work was performed with Swift's knowledge.  If Plaintiffs could somehow

5    overcome these highly individualized inquiries as to the work performed by each driver during each day,

6    Plaintiffs must then prove that each driver's pay fell below the legal minimum for any given workweek.

7    *See Douglas v. Xerox Bus. Servs., Ltd. Liab. Co.*, 875 F.3d 884, 885 (9th Cir. 2017) ("the relevant unit

8    for determining [FLSA] minimum-wage compliance is the workweek as a whole").  Because Plaintiffs

9    have staked their entire case on an incorrect legal assumption, they have not satisfied their burden to

10   show the proposed collective is "similarly situated" with respect to the facts they will actually need to

11   prove to prevail.

12           The FMCSA and Swift's policies are clear that time logged as off-duty and sleeper berth is time

13   in which drivers are "relieved of all responsibility and not required to be in work readiness."  49 C.F.R.

14   §395.2; Quast Decl., ¶ 16, Exh 1, Exh. 2 at pp. 13 & 15, Exh. 3 at p. 3; Ellis Decl., Exh. 2 at 147:17-

15   151:11, Exh. 12.  If drivers log their time accurately and lawfully, then off-duty and sleeper berth time is

16   not compensable.  *Cf. Kennedy*, 2019 WL 4394539 at *5 ("Although the Hours of Service Rules are not

17   tantamount to DOL regulations for FLSA purposes, they are nonetheless relevant to Plaintiff's wage

18   claims as Plaintiff testified that she always recorded her time accurately and in accordance with the

19   Hours of Service Rules").  And if time logged as off-duty or sleeper berth do not constitute "hours

20   worked" under the FLSA, then it is undisputed that drivers earned more than the minimum wage in

21   every workweek.  Quast Decl., ¶ 22; Ellis Decl., Exh. 7 at 4:11-5:1, Exh. 8 at 4:11-5:1.

22           Plaintiff Woeck testified that he always completed his trips legally and in accordance with the

23   FMCSA's hours of service rules, whereas McNutt testified that she did not.  Ellis Decl, Exh. 2 at 108:2-

24   109.24, 119:2-20:13; Ellis Decl., Exh. 3 at 144:14-48:9, Exh. 11; Ellis Decl., Exh. 4 at 54:12-55: 23.

25   Plaintiff McNutt testified that she was instructed to record on-duty time at a shipper as off-duty and

26   "creep" her truck into a shippers while not logged in driving status, which violates the hours of service

27   rules.  *Id.*  Thus, the two named Plaintiffs are not even "similarly situated" vis-à-vis each other.  Further,

28

-16-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1   Plaintiffs have provided no evidence that any other members of the putative collective falsified or

2   inaccurately recorded their hours of service logs, and were in fact working when logged off-duty.  Nor

3   have Plaintiffs provided any evidence that Swift was aware of any such purportedly inaccurate driver

4   logs.  *See Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (employer is not

5   liable under the FLSA when it has no knowledge or reason to know of otherwise compensable work);

6   *see also Lindow v. United States*, 738 F.2d 1057, 1060 (9th Cir. 1984) ("We have interpreted the words

7   'suffer' or 'permit' [to work] to mean 'with the knowledge of the employer.'").

8       Because Plaintiffs have not provided evidence of any common policy or practice of Swift's

9   employee drivers engaging in compensable work during off-duty and sleeper berth time, individual

10  driver specific analysis will be needed to adjudicate Plaintiffs' collective claims.  Plaintiffs have thus

11  failed to meet their burden to demonstrate that the proposed collective is "similarly situated."  *See*

12  *Benson v. W. Coast Const.*, 2007 WL 445456, at *2 (W.D. Wash. 2007) (denying conditional

13  certification where the plaintiff "produced no evidence that other employees were subject to any

14  agreement similar to or the same as his own agreement with defendants, nor has he produced

15  declarations from any other employees that they worked overtime hours and were paid only straight

16  time"); *see also Rivera v. Saul Chevrolet, Inc.*, 2017 WL 3267540, at *5 (N.D. Cal. 2017) (denying

17  conditional certification where the plaintiff "does not identify the 'single decision, policy, or plan' that

18  affected all of the putative collective action members").  As in *Benson* and *Rivera*, Plaintiffs have not

19  proffered evidence that any drivers were not properly paid.  Indeed, the reasons McNutt testified that she

20  worked during off-duty time (that she was instructed at orientation and by dispatchers) are highly

21  specific to her and do not demonstrate whether any other drivers had similar experiences.  Ellis Decl,

22  Exh. 2 at 108:2-09.24, 119:2-20:13.  Plaintiff has submitted no evidence to corroborate her highly

23  individualized allegations.  Indeed, McNutt testified that she did not know whether any other drivers

24  recorded on-duty time as off-duty because "I wasn't really associating with the Swift drivers."  Ellis

25  Decl., Exh. 2 at 178:20-79:3.

26      Because Plaintiffs have not shown how the proposed collective of employee drivers throughout

27  the United States earning mileage-based pay is "similarly situated," Plaintiffs' motion for conditional

28

-17-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    certification of an FLSA collective action should be denied.

2    **B.    Plaintiffs Are Not Adequate Representatives**

3        Plaintiffs' motion for conditional certification should also be denied because the Plaintiffs cannot

4    serve as adequate representatives of the proposed collective.

5        Although the Rule 23 class action certification standards do not strictly apply to FLSA collective

6    actions, "the adequacy of a class counsel or a class representative is not necessarily irrelevant in a

7    putative FLSA § 16(b) collective action because the court has an inherent interest in ensuring that opt-in

8    plaintiffs are adequately represented." *Mondragon v. Vermeer Transp.*, 2009 WL 10672794, at *3 (C.D.

9    Cal. 2009); *see also Brown v. Money Tree Mortg., Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004). In the

10   related class action context, representatives are not adequate "when 'it appears that they have abdicated

11   any role in the case beyond that of furnishing their names as plaintiffs.'" *Pryor v. Aerotek Sci.*, *LLC*,

12   278 F.R.D. 516, 529 (C.D. Cal. 2011). "Plaintiffs should understand the actions in which they are

13   involved, and that understanding should not be limited to derivative knowledge acquired solely from

14   counsel." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 483 n. 10 (5th Cir. 2001). A plaintiff is an

15   inadequate representative when he or she "knows none of the duties and responsibilities of a class

16   representative." *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978).

17       Here, Plaintiff Woeck testified that he has *no* understanding as to whether this case is being

18   brought as a class or collective action, did not know what a class or collective action was, did not know

19   if he was seeking to represent a class or collective in this case, and had no understanding of what his

20   duties as a class or collective action representative would be. Ellis Decl., Exh. 3 at 33:16-34:24.

21   Plaintiff Woeck was also asked in plain straightforward language if he knew whether there was "any

22   group of individuals" that are seeking to be represented in this lawsuit. *Id.* at 36:21-23. Woeck's

23   answer was that he "assume[d] so" but did not even know who the group was. *Id.* at 26:24-37:2.

24   Woeck's knowledge about this case and his duties as a representative is so deficient he cannot serve an

25   adequate representative.

26       Plaintiff McNutt cannot serve as an adequate class representative, because she testified to

27   logging on-duty time as off-duty in violation of federal law. Ellis Decl, Exh. 2 at 108:2-109:24, 119:2-

28

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

20:13.  McNutt is a Class A license holder and thus legally responsible for knowing and complying with the FMSCA hours of service requirements.  Ellis Decl., Exh. 2 at 97:19-98:7, 102:2-103:4, Exh. 6.  Her failure to do so renders her inadequate.

**C.   The Court Lacks Personal Jurisdiction Over Swift Employee Drivers Who Are Neither Washington Residents Nor Assigned To Terminals In Washington**

If the Court were inclined to grant Plaintiffs' motion, it should exclude from the proposed collective all employee drivers who were never residents of Washington and were never assigned to a terminal in Washington, because the Court lacks personal jurisdiction over their claims.  In a case arising under federal law, where no federal statute governs personal jurisdiction, a federal district court exercises the same personal jurisdiction as the state in which it sits.  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir.2002).

Under the Due Process clauses of the Constitution, two types of personal jurisdiction exist: general and specific.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Id.*  "Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.*

General jurisdiction over a defendant corporation exists only in the forums that the corporation is "fairly regarded as at home," such as the place of incorporation or principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014).  *Daimler* held that the conduct of substantial continuous business in a state in insufficient to confer general jurisdiction.  *Id.*  Here, Swift is a limited liability company organized under the laws of Delaware with its principal place of business in Arizona.  Quast Decl., ¶ 3.  Swift's sole member is another limited liability company, whose sole member is a publicly traded corporation incorporated in Delaware with its principal place of business in Arizona.  *Id.*, ¶¶ 4-6.  Swift's only connection to Washington is conducting business in it, which does not confer general jurisdiction under *Daimler*.

DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781-84 (2017), the Supreme Court held that California state courts lacked specific personal jurisdiction over claims by non-California residents in mass tort action where over 600 plaintiffs alleged injury from the same allegedly defective product.  A number of recent decisions have applied *Bristol-Myers* to FLSA opt-in collective actions in federal court, holding that the opt-in nature of the procedure makes collective actions indistinguishable from the mass tort action in *Bristol-Myers*.  *See*, *e.g.*, *Chavira v. OS Rest. Servs., LLC*, 2019 WL 4769101, at *4-7 (D. Mass. 2019); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 52-62 (D. Mass. 2018); *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 848-51 (N.D. Ohio 2018); *Rafferty v. Denny's, Inc.*, 2019 WL 2924998, at *3–7 (N.D. Ohio 2019).  These cases properly hold that when an employer is sued in a forum that is not its "home" for purposes of general jurisdiction, the a district court lacks personal jurisdiction over the claims of opt-in plaintiffs who did not live or work in the forum state pursuant to *Bristol-Myers*.  Here, this Court lacks specific jurisdiction over employees who did not live or work in Washington.

Accordingly, in the event the Court were inclined to certify any collective, it should exclude from such certified collective employees of Swift who neither resided in Washington nor were assigned to a Washington terminal during the relevant statute of limitations period, because the Court lacks personal jurisdiction over Swift for purposes of such out-of-state employees' claims.

**D.  If The Court Were To Grant Conditional Certification, It Should Carve Out Drivers Whose Claims Are Released By The *Burnell*, *Slack* and *Hedglin* Settlements**

If the Court were inclined to grant Plaintiffs' motion, it should also exclude from the certified collective any employees whose claims were released by the approved class action settlements in *Burnell, Slack, and Hedglin.*

A class action settlement that is approved and reduced to a judgment binds class members who do not opt out.  *See Cooper v. Fed. Res. Bank*, 467 U.S. 867, 874 (1984); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).  "[A] federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been

-20-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    presentable in the class action." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992).  In

2    *Rangel v. PLS Check Cashers of Cal., Inc.,* 899 F.3d 1106 (9th Cir. 2018), the Ninth Circuit held that

3    held that an approved settlement in a class action asserting only state law claims can bar FLSA claims

4    arising from the same facts when such claims are included in the release, notwithstanding the fact that

5    FLSA claims cannot be asserted in a Rule 23 opt-out class action.

6         Here, the *Burnell*, *Slack*, and *Hedglin* settlements encompass federal wage claims on behalf of

7    certain California and Washington employee drivers for Swift during the statute of limitations period.

8    RJN, Exh. 1 at 2:12-13, 8:20-9:15, Exh. 4 at pp. 4-5 & 20, Exh. 5, Exh. 8 at 3:5-25, 6:24-7:15.  The

9    Court should therefore exclude from any certified collective those class members in *Burnell*, *Slack*, and

10   *Hedglin* whose claims were released.

11   **E.    If The Court Were To Grant Conditional Certification, It Should Reject Plaintiffs' Request**
            **To Toll The Statute Of Limitations**

12

13        Plaintiffs' request to equitably toll the statute of limitations during the period of time this motion

14   was pending and the notice period for any potential opt-in employees should be denied. "Equitable

15   tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of

16   the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to

17   file a claim on time."  *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). "Equitable tolling is to be

18   administered rarely rather than routinely."  *Id.* .

19        Plaintiff has not described any "wrongful conduct" or "extraordinary circumstances" that would

20   warrant the application of equitable tolling in this case.  Plaintiffs rely on two decisions from the Central

21   District of California and the District of Nevada tolling the statute of limitations while an FLSA

22   collective certification motion is pending, but these decisions are outliers and not in accord with the

23   general trend in the Ninth Circuit.  Most cases, *including those from this district*, hold the time a motion

24   for conditional certification is pending is an ordinary foreseeable part of litigation that does not warrant

25   application of equitable tolling.

26        In *Bazzell v. Body Contour Centers, LLC*, 2016 WL 3655274, at *9 (W.D. Wash. 2016), for

27   example, Judge Robart denied the plaintiffs' request to "toll the statute of limitations 'from the date

28

-21-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

Plaintiffs filed this motion until 60 days after notice is mailed to putative collective members." *Bazzell* held that because the plaintiffs "never identify any specific prejudice or delays that have occurred" they "failed to meet their burden of establishing a basis for equitable tolling of the FLSA limitations period." *Id.* Similarly, in *Douglas v. Xerox Bus. Servs., LLC,* 2014 WL 11320703, at *3 (W.D. Wash., 2014)*, Judge Coughenour refused to toll the statute of limitations for the entire period that a conditional certification motion was pending, opting instead to toll the statute *only* for the unusually lengthy period of time conditional certification was under submission.  *Douglass* held that the tolling period would run 30 days after the submission of plaintiffs reply until the court requested supplemental briefing, and then again 30 days after supplemental briefing was submitted until a conditional certification was granted. *Id.* at *4-5; *accord Johnson v. Serenity Transportation, Inc.*, 2016 WL 1569984, at *5 (N.D. Cal. 2016) ("the trend in this District that tolling is inappropriate merely due to the pendency of a certification motion"); *Adedapoidle-Tyehimba v. Crunch, LLC*, 2013 WL 4082137, at *7 (N.D. Cal. 2013) ("Congress…was aware that 'time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period"); *Shaia v. Harvest Mgmt. Sub LLC*, , 2015 WL 1744341, at *3 (N.D. Cal. 2015) ("Courts have routinely denied requests for equitable tolling in FLSA cases"); *Ash v. Bayside Sols., Inc.*, 2015 WL 427731, at *5 (N.D. Cal. 2015) ("good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claim").

Swift also notes that any delay in resolving Plaintiffs' motion is the fault of Plaintiffs alone. Plaintiff Woeck refused to come to the Western District of Washington—or any of several alternative west coast locations Swift offered—for his deposition, and filed an unfounded motion for a protective order which was denied by the Court on January 27, 2020.  Dkt. 46, 49-1, & 53.  That dispute over the situs of Woeck's deposition necessitated a continuance of the briefing of this motion.

For these reasons, Plaintiffs' request to toll the statute of limitations should be denied.

**F.     If The Court Were To Grant Conditional Certification, It Should Reject Plaintiffs' Prejudicial And Erroneous Notice**

If the court were to grant Plaintiffs' motion for conditional certification, it should direct the

DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS MARY MCNUTT AND ROBERT D. WOECK, JR.'S MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1   parties to meet and confer on a form of notice and claim form rather than accept the proposed forms

2   submitted by Plaintiffs.  *See, e.g.*, *Khadera v. ABM* Indus. Inc., 701 F. Supp. 2d 1190, 1197 (W.D.

3   Wash. 2010) ("The Court encourages the parties to meet and confer to determine whether they can

4   provide a stipulated notice form"); *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1122

5   (W.D. Wash. 2011) ("The parties are directed to meet and confer within twenty (20) days of the issuance

6   of this order and to draft a stipulated notice form").  The notice prematurely submitted by Plaintiffs

7   without *any* discussion with Defendant, should not be approved as it contains several erroneous and

8   prejudicial statements, and fails to fully inform the proposed collective of their rights and the nature of

9   this lawsuit.  Dkt. 44-1, Exh. 4.

10      First, the proposed collective definition in Plaintiffs' proposed notice is inconsistent with their

11   motion.  The motion requests certification of a collective consisting of employee drivers who "were paid

12   on a per-mile basis, at any time beginning December 23, 2016 until the date of judgment after trial;"

13   whereas the proposed notice states it is being mailed to drivers "who at any time from June 28, 2016 to

14   the present who worked as long-haul truck drivers for trips of more than 24-hours."  Accordingly, the

15   proposed notice has an incorrect collective period, and fails to limit the collective to those drivers who

16   "were paid on a per-mile basis."  Furthermore, the proposed notice's references to "trips of 24-hours or

17   more" is vague and ambiguous, and improperly suggests that drivers are on-duty for 24 hours a day

18   anytime they are away from their home terminal.

19      Plaintiffs' proposed notice also mischaracterizes Plaintiffs' allegations as including that Swift's

20   mileage based trip did not compensate drivers for "other non-driving, on-duty time."  This is not the

21   theory set forth in Plaintiffs' motion, and if it were it would be utterly frivolous under *Douglas v. Xerox*

22   *Bus. Servs., Ltd. Liab. Co.*, 875 F.3d 884 (9th Cir. 2017).  *Douglas* held that employees paid on a piece-

23   rate basis do not need to be separately compensated for any particular work activities because the FLSA

24   determines minimum wage compliance based on an average hourly wage in a workweek.  Plaintiffs'

25   proposed description is also one-sided in that it discusses Plaintiffs' allegations and theories, but does

26   not describe Swift's defenses other than to state that it "denies" the claims.  This is significant because

27   "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the

28

-23-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    action."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

2        The notice also incorrectly states that "[p]articipation in this lawsuit is not related or effected

3    [sic] by any offer of severance benefits or release you may have recently signed."  If a Swift employee

4    validly released claims for wages, then they are barred from participating in this lawsuit.  Further, the

5    statute of limitations section of the notice misleadingly suggests that the employees were not paid

6    properly and that the only issue in this case is whether Swift "acted willfully."   And the section of the

7    notice regarding immigration status implies that Plaintiffs' claims have merit and is wholly unnecessary.

8        Plaintiffs' proposed notice is also missing important information.  The notice should include the

9    contact information for Swift's counsel and inform the proposed collective that they have the right to

10   retain their own attorney.  *See Limarvin v. Edo Rest. Corp.*, 2013 WL 371571, at *2 (S.D.N.Y. 2013);

11   *Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *7 (E.D.N.Y. 2012); *Soler v. G & U, Inc.*, 86

12   F.R.D. 524, 530 (S.D.N.Y.1980) ("The workers should be informed that they may retain their own

13   counsel.").  The notice should further "include a neutral and non-technical reference to discovery

14   obligations, to insure that opt-in plaintiffs understand that their participation would entail greater

15   obligations than participation in some Rule 23 class action."  *Lujan v. Cabana Mgmt., Inc.,* 2011 WL

16   317984, at *11 (E.D.N.Y. 2011).  Finally, the notice should provide that opt-in forms be sent directly to

17   the court, rather than to Plaintiffs' counsel via an administrator.  *Id.* at *13 ("such a procedure implicitly

18   discourages opt-in plaintiffs from selecting other counsel"); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp.

19   2d 55, 85 (E.D.N.Y. 2008) ("the Court directs that the Notice be amended so that Consent Forms are

20   sent to the Clerk of Court").

## IV. CONCLUSION

22       For all of the foregoing reasons, the Court should deny Plaintiffs' motion for conditional

23   certification of an FLSA collective action, or alternatively, and at an absolute minimum, limit

24   certification as described above.  The Court should also deny Plaintiffs' request to toll the statute of

25   limitations and deny their proposed notice.

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS

SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1    Dated: February 21, 2020

*s/ John Ellis*
Paul Cowie, *Admitted Pro Hac Vice*
2    Babak Yousefzadeh, *Admitted Pro Hac Vice*
John Ellis, *Admitted Pro Hac Vice*
3    SHEPPARD MULLIN RICHTER &
HAMPTON LLP
4    Four Embarcadero Center, 17th Floor
San Francisco, CA
5    Phone:   415-434-9100
Email:   pcowie@sheppardmullin.com
6               byousefzadeh@sheppardmullin.com
jellis@sheppardmullin.com
7
*s/ Darin Sands*
8    Darin Sands, WSBA 35865
LANE POWELL PC
9    1429 Fifth Avenue, Suite 4200
Seattle, WA  98101
10    Phone:   (503) 778-2177
Email:   sandsd@lanepowell.com
11
**Attorneys for Defendant**
12    **SWIFT TRANSPORTATION CO. OF**
**ARIZONA, LLC**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-

DEFENDANT SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC'S OPPOSITION TO PLAINTIFFS
MARY MCNUTT AND ROBERT D. WOECK, JR.'S
MOTION FOR CONDITIONAL CERTIFICATION

Case No 3:18-cv-05668-BHS
SHEPPARD MULLIN RICHTER & HAMPTON LLP
FOUR EMBARCADERO CENTER, 17TH FLOOR
SAN FRANCISCO, CA 94111

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that counsel of record who are deemed to have

3

consented to electronic service are being served with a copy of the foregoing document via the

4

Court's CM/ECF system on February 21, 2020.

5

6

7

*s/ Sarah Smith*

Sarah Smith, Legal Secretary

8

Sheppard, Mullin, Richter & Hampton LLP

4 Embarcadero Center, 17th Floor

9

San Francisco, CA  94111

(415) 434-9100

10

sasmith@sheppardmullin.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28