UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY MCNUTT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SWIFT TRANSPORTATION CO OF ARIZONA LLC, et al., <br><br> Defendants. | CASE NO. 3:18-cv-05668-BHS <br><br> ORDER |

THIS MATTER is before the Court on Plaintiff McNutt's motion for approval of settlement and attorneys' fees, Dkt. 103.

This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Collective Action.

2. The Court finds that the Settlement Collective is properly certified for settlement purposes only.

3. The Court finds that the settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the settlement satisfies the standards and applicable requirements for final approval of this Collective Action settlement under

ORDER - 1

United States Law. The Court approves the Gross Settlement Amount of Four Hundred Fifty Thousand and Zero Cents ($450,000.00).

4. Upon entry of this Order, compensation to the participating members of the Settlement Collective shall be affected pursuant to the terms of the Settlement Agreement.

5. In addition to any recovery that Plaintiffs may receive from the Net Settlement Amount, and in recognition of the Plaintiffs' efforts on behalf of the Settlement Collective, the Court hereby approves the payment of an incentive award to Plaintiffs Mary McNutt and Robert Woeck Jr. in the amount of Five Thousand Dollars ($5,000.00) each (for a total of $10,000.00). This shall be paid from the Gross Settlement Amount.

6. The Court approves the payment of attorneys' fees to Collective Action Counsel in the sum of One Hundred Thirty Nine Thousand, Five Hundred Dollars and Zero Cents ($139,500.00). This amount is 31.00% of the Gross Settlement Amount, which is the highest percentage the Court has awarded in similar contingent class or collective actions. The Court notes that McNutt's counsel's lodestar fee, which he avers is more than the 33.333% of the Gross Settlement he seeks, is based on reasonable hourly rates in Los Angeles, California. Dkt. 103 at 23. But this case involves Washington plaintiffs, and it was litigated in this community. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations omitted). Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v.*

*Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). The rates charged in Los Angeles are not the going rates in the Western District of Washington and are therefore not reasonable here. They do not support a one-third fee in this case. The Court also Orders the reimbursement of litigation expenses in the sum of Eighteen Thousand Three Hundred and Forty Six Dollars and Thirty Four Cents ($18,346.34). This shall be paid from the Gross Settlement Amount.

7. The Court approves and orders payment in the amount of Three Thousand Dollars ($3,000.00) to ILYM Group, Inc. for performance of its settlement administration services. This shall be paid from the Gross Settlement Amount.

8. Upon the entry of this Order and Judgment, and subject to the occurrence of the Effective Date, Plaintiffs and all Collective Members shall be deemed to have released the Released Parties from the Released Claims as more fully defined in the Settlement Agreement.

9. Upon completion of administration of the Settlement, the parties shall file a declaration stating that claims have been paid and that the terms of the settlement have been completed. A copy of this order and judgment shall be mailed to all Collective Members with their settlement payments.

10. This "Judgment" is intended to be a final disposition of the above captioned action in its entirety and is intended to be immediately appealable.

11. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to

all matters related to the settlement and the determination of all controversies relating thereto.

**IT IS SO ORDERED:**

The Clerk shall enter a JUDGMENT and close the case.

Dated this 20th day of September, 2022.

BENJAMIN H. SETTLE
United States District Judge